UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-0271-KJD-CWH |
| Plaintiff, | Related Case: 2:16-cv-2518-KJD |
| v. | **ORDER** |
| RICHARD LAWRENCE STROHMETZ, | |
| Defendant. | |

Before the Court is Richard L. Strohmetz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 99) to which the government responded (ECF No. 104). Though the time to do so has passed, Strohmetz did not reply.

Richard Strohmetz is currently serving a 151-month sentence after pleading guilty to six counts of bank robbery under 18 U.S.C. § 2113(a). Strohmetz did not appeal his conviction, though it is unclear whether he asked his trial counsel, Dustin Marcello, to file a notice of appeal. Strohmetz claims that he instructed Marcello to file a notice of appeal despite the various appeal waivers in Strohmetz's plea agreement. There is no record of Strohmetz's request, and Marcello cannot recall whether Strohmetz asked for help with a direct appeal or with a future habeas petition. This § 2255 petition was born of that uncertainty.

Strohmetz now moves to vacate his sentence based on Marcello's failure to file his appeal. It is ineffective assistance of counsel for an attorney to disregard a defendant's specific instruction to file an appeal. Where, as here, it is unclear whether the defendant specifically instructed counsel to appeal, the Court has two options. The Court may hold an evidentiary hearing to determine whether the defendant indeed directed counsel to file an appeal. Or, the Court may assume that the defendant intended to appeal and reissue the judgment of conviction to give the defendant a second chance. The government recommends the second option as it

would be the easier and faster option. The Court agrees. Accordingly, Strohmetz's petition is granted in part. The Court vacates Strohmetz's judgment of conviction and reenters judgment as of the date of this order, which restarts the clock for Strohmetz to file a notice of appeal.

### I. Background

Strohmetz was arrested in May of 2013 in connection to a string of bank robberies in Nevada and Washington state. See Superseding Information, ECF No. 79. Between March and April of 2013, Strohmetz robbed four bank branches in Washington and one Nevada bank branch twice. Plea Agreement 3–4, ECF No. 81. His method was consistent throughout the robberies. Strohmetz would enter the branch and wait for a teller. When he arrived at the teller window, Strohmetz would either pass the teller a note demanding "20's, 50's, AND 100's" or verbally demand those bills. Id. at 4. All but one of the tellers complied, and Strohmetz took the banks for more than $25,000. Id. at 3–4. During two of the robberies, Strohmetz also carjacked or attempted to carjack bank customers and used one of the vehicles to commit other robberies. Id.

Strohmetz elected not to go to trial and pleaded guilty to all six counts of bank robbery. Strohmetz admitted to facts supporting each of the six robberies. In exchange, he received a two-level downward adjustment for acceptance of responsibility. Id. at 7. The government agreed to recommend a sentence within the guideline range of 151 to 188 months. Id. at 11. The agreement required Strohmetz to waive several trial and appellate rights. Important here, Strohmetz knowingly and expressly waived "the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range," and "reserve[d] only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guideline range determined by the Court." Id. at 13.

Despite the appeal waivers in the plea agreement, Strohmetz claims he still intended to challenge the Court's restitution order for the Washington robberies, the Court's career offender enhancement at sentencing, and the District of Nevada's jurisdiction over the Washington-based robberies. See Motion to Vacate 5, ECF No. 99. Strohmetz's trial attorney remembers that Strohmetz "did tell him that he wanted to challenge certain rulings," but he believed "Strohmetz to be talking about claims under 28 U.S.C. § 2255." Govt. Resp. 4 n.3, ECF No. 104. Counsel

admits that "it is possible he misunderstood, and that Strohmetz had actually been talking about a direct appeal." Id. The window for Strohmetz's appeal closed shortly after his judgment of conviction became final in 2015, and he lost his chance at a direct appeal. This § 2255 petition followed.

## II. Legal Standard

A defendant in federal custody may challenge a conviction that "was imposed in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)). As always, the Court construes pro se pleadings liberally and in the petitioner's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, the pro se party is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

## III. Analysis

Strohmetz brings four claims in this § 2255 petition: (1) ineffective assistance of counsel for counsel's failure to file a notice of appeal; (2) ineffective assistance of counsel for counsel's failure to challenge the career criminal enhancement at sentencing; (3) a challenge to the Court's restitution order related to conduct in a foreign district; and (4) a challenge to the Court's jurisdiction and venue over conduct in a foreign district. Motion to Vacate at 5–9. The government concedes that the Court should grant the petition inasmuch as it seeks the opportunity to file an appeal because there is no way to know whether Strohmetz actually directed trial counsel to file an appeal. Strohmetz's remaining claims appear to be barred by the appeal waivers in his plea agreement. However, the Court need not reach those claims before his appeal.

The Supreme Court is clear that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Conversely, representation is not deficient if counsel fails to file an appeal after a client specifically instructs counsel *not* to do so. Id. This is consistent with the fact that the client must be the one to decide whether to pursue an appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Those two ends of the spectrum provide clear guidance to trial attorneys representing clients after judgment. The cases that fall in the middle of the spectrum—like this one—are murkier.

This case is less clear because it is unknown whether Strohmetz instructed his counsel to file a notice of appeal. Counsel's failure to file an appeal is understable. After all, it is entirely possible that Strohmetz knowingly waived his right to appeal the very issues he faults trial counsel for not appealing. The baseline, however, is that an attorney must file a client's desired appeal if the client directs. This is so even if the client waived all appellate rights and lacks a nonfrivolous basis for a direct appeal. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). "As contrary to common sense as it seems," the client has the right to appeal even if that appeal is contrary to the plea agreement and harmful to the client. Id. 1196–97.

Sandoval-Lopez provides some clarity for these situations. There, the Ninth Circuit outlined two options. The Court may order an evidentiary hearing to determine whether the petitioner's claim is true. Id. at 1198. The hearing would allow parties to call witnesses and present evidence to support their claims. If the petitioner's claim is credible, the Court vacates and reenters the judgment, which allows the petitioner to file a notice of appeal. Id. Alternatively, the government can consent to vacating and reentering the judgment without a hearing, which also allows the petitioner another chance to appeal. Id. In that scenario, the government and the Court assume, without deciding, that the petitioner's claim is true to expedite the proceeding. Consenting to vacate the judgment and allowing the petitioner to appeal often requires less work than holding the evidentiary hearing. See id. at 1198.

That is the government's position here. Considering the several appellate waivers in

Strohmetz's plea agreement, the government consents to vacating the judgment and allowing a direct appeal. It is their belief that the Ninth Circuit will dismiss the appeal and thereby resolve Strohmetz's outstanding claims. There being no objection from the government, the Court grants Strohmetz's petition as to his first claim for ineffective assistance of counsel. The Court assumes, without deciding, that Strohmetz directed trial counsel to file an appeal and that counsel failed to do so. As a result, the Court vacates the judgment against Strohmetz and reissues the judgment as of the date of this order. Strohmetz may now file a timely notice of appeal.[1]

Having granted Strohmetz's ineffective assistance of counsel claim, the Court now turns to his three remaining claims. The government contends that these claims are barred by the valid appeal waivers in Strohmetz's plea agreement. The Court tends to agree as Strohmetz "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence." Plea Agreement at 13. The only collateral challenge the plea agreement left available was the non-waivable claim for ineffective assistance of counsel. Id. However, considering Strohmetz's remaining claims now is unnecessary as his direct appeal may resolve those claims. Therefore, the Court denies Strohmetz's remaining claims without prejudice pending the outcome of his direct appeal.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant Richard Lawrence Strohmetz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 99) is **GRANTED IN PART** and **DENIED IN PART**.

The Court **GRANTS** the motion as to Strohmetz's first ineffective assistance of counsel claim and **VACATES** his judgment of conviction (ECF No. 96). The Clerk of Court is directed to **RE-ENTER JUDGMENT** reflecting the date of entry of this order. Other than the date, all other terms and conditions of Strohmetz's judgment shall remain the same.

---

[1] Though it is likely unnecessary, the Court urges Strohmetz to promptly file his notice of appeal. As he is undoubtedly aware, untimely filing will bar his chance at a direct appeal.

The Court **DENIES** without prejudice Strohmetz's remaining claims pending the outcome of his direct appeal.

Dated this 19th day of March, 2020.

                                                                                            _____
                                                                                            Kent J. Dawson
                                                                                           United States District Judge